Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Counsel for Plaintiff Oralia Mejia*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Oralia Mejia,<br><br>          Plaintiff,<br> v.<br><br>NP Boulder LLC dba Boulder Station Hotel & Casino,<br><br>          Defendant. | Case No.:<br><br>**Complaint for damages** |

### Introduction

1. Oralia Mejia ("Plaintiff"), by counsel, brings this action to challenge the actions of NP Boulder LLC dba Boulder Station Hotel & Casino (jointly as "Defendants"), with regard to discriminatory and unlawful conduct by Defendant in connection with Plaintiff's employment.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

5. Any violations by Defendants was knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## Jurisdiction and Venue

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This action arises out of Defendant's violations of Title VII (42 U.S.C. §§ 2000e to 2000e-17), the ADEA (29 U.S.C. §§ 621 to 634), and related causes of action.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

9. This Court has jurisdiction to hear this case.

## Parties

10. Plaintiff is a natural person living in Clark County, Nevada.

11. Defendant is a corporation doing business in the State of Nevada.

12. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, acting by and through its agents and employees. These acts and failures to act were within the scope of the agency and/or employment, and Defendant ratified those acts and omissions.

**Factual allegations**

13. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced.
14. In or about July 2019, Defendant hired Plaintiff as a supervisor for the graveyard shift.
15. Plaintiff remained in the same position until November 25, 2019.
16. On or around November 25, 2019, Defendant terminated Plaintiff.
17. Defendant's reason for the termination was because of attendance.
18. However, Plaintiff had always followed her supervisor's directions regarding attendance and was assured on multiple occasions, by her direct supervisor, that she did not have to come or leave at any specific time, so long as her work was complete.
19. Other employees in similar positions also did not have to follow strict attendance requirements, so long as their work was complete.
20. Plaintiff never left her job until her work was complete.
21. Defendant's justification for terminating Plaintiff was pretext.
22. In fact, Defendant's workplace suffered from a male-dominated culture that alienated women, like Plaintiff.
23. In addition, Plaintiff's supervisor associated himself with a group of other employees that alienated Plaintiff, and others, based on her national origin (Hispanic - Mexican).
24. Defendant terminated Plaintiff because of her age (54). Other younger employees in similar positions were not terminated for the same or similar alleged conduct.
25. Plaintiff was a qualified employee and Defendant terminated her for discriminatory reasons.

## First Cause of Action

## Violations of Title VII of the Civil Rights Act of 1964

## 42 U.S.C. §§ 2000e to 2000e-17

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff was an employee and a member of protected classes: gender and national origin.

28. Defendant knew that Plaintiff was a member of the protected classes.

29. Plaintiff was qualified for for the job and satisfied the job requirements.

30. Defendant harmed Plaintiff when it terminated her because of Plaintiff's gender and national origin.

31. Others who were similarly situated to Plaintiff were treated more favorably and not subject to the same adverse treatment as Plaintiff.

32. The foregoing acts and omissions constitute numerous willful, reckless or negligent violations of Title VII.

33. As a result of each and every violation, Plaintiff is entitled to actual damages, punitive damages, and reasonable attorney's fees and costs from Defendants. Plaintiff seeks backpay, compensatory damages, being hired/reinstated into a similar position as before (at another Station location, not Boulder, as an hourly employee, not salary), being re-hired, all adverse information being removed from Plaintiff's personnel file, and emotional distress, mental anguish, and other actual damages.

## Second Cause of Action

## Violations of the Age Discrimination in Employment Act of 1967

## 29 U.S.C. §§ 621 to 634

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff was an employee and over 40-years-old.
36. Defendant knew that Plaintiff was over 40-years-old.
37. Plaintiff was qualified for their position.
38. Defendant harmed Plaintiff when it terminated her because of her age.
39. Others who were younger but otherwise similarly situated to Plaintiff were treated more favorably and not subject to the same adverse treatment as Plaintiff.
40. The foregoing acts and omissions constitute numerous willful, reckless or negligent violations of the Age Discrimination in Employment Act.
41. As a result of each and every violation, Plaintiff is entitled to actual damages, punitive damages, and reasonable attorney's fees and costs from Defendants. Plaintiff seeks backpay, compensatory damages, being hired/reinstated into a similar position as before (at another Station location, not Boulder, as an hourly employee, not salary), being re-hired, all adverse information being removed from Plaintiff's personnel file, and emotional distress, mental anguish, and other actual damages.

### Third Cause of Action
### Unlawful Employment Practices
### NRS 613

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
43. Plaintiff was an employee and a member of a protected classes: sex, age, and national origin.
44. Defendant knew that Plaintiff was a member of the protected class.
45. Plaintiff was qualified for for the job and satisfied the job requirements.
46. Defendant harmed Plaintiff when it termianted her subjecting to Plaintiff to harm because of Plaintiff's gender, age, and national origin.

47. Others who were similarly situated to Plaintiff were treated more favorably and not subject to the same adverse treatment as Plaintiff.
48. The foregoing acts and omissions constitute numerous willful, reckless or negligent violations of NRS 613.
49. As a result of each and every violation, Plaintiff is entitled to actual damages, punitive damages, and reasonable attorney's fees and costs from Defendants. Plaintiff seeks backpay, compensatory damages, being hired/reinstated into a similar position as before (at another Station location, not Boulder, as an hourly employee, not salary), being re-hired, all adverse information being removed from Plaintiff's personnel file, and emotional distress, mental anguish, and other actual damages.

### Fourth Cause of Action

### Breach of Contract

50. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.
51. Defendant breached the agreement when it, among other things, wrongfully terminated Plaintiff when it had no right to do so under the terms of employment.
52. As a result of Defendant's breach of contract, Plaintiff has suffered actual damages in an amount to be determined at trial, plus loss of use and consequential damages in an amount to be determined at trial.
53. Should Plaintiff prevail, Plaintiff is entitled to recover attorney's fees and costs.

## Fifth Cause of Action

## Breach of Implied Contract

54. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

55. "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 107 Nev. 226, 232 (1991).

56. Every contract contains an implied covenant requiring that neither party act to disrupt the other's ability to enjoy the benefit of the bargain. Furthermore, where a contract provides one of the parties with discretion or sole authority to carry out obligations under the agreement for the benefit of the other party, the party enjoying such discretion and authority may not abuse it or exercise it in such a manner so as to deprive the other party of the benefits of the contract.

57. Defendant breached the implied covenant of good faith and fair dealing when it took the adverse actions against Plaintiff as discussed above.

58. By failing to meet its obligation to in good faith attempt to uphold the intention and spirit of the contract, Defendant breached the implied covenant of good faith and fair dealing.

59. As a direct result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiff suffered damages in an amount to be determined at trial.

60. Defendant's conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

## Sixth Cause of Action

## Intentional infliction of emotional distress

61. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraph.

62. Defendant acted with extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

63. As a result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress by being subjected to Defendant's extreme and outrageous conduct.

64. Defendant's conduct is the actual and proximate cause of Plaintiff's emotional distress.

65. Defendant's conduct was oppressive and malicious, such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

66. As a result of Defendant's conduct, Plaintiff has been required to hire an attorney and will seek to recover reasonable attorney's fees and costs, as allowed by law.

## Exhaustion of administrative remedies

67. Plaintiff filed a charge with DETR/EEOC regarding Defendant's discriminatory conduct. A Notice of Right to Sue letter was issued and is attached to this complaint. Less than 60 days have elapsed.

## Prayer for relief

68. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- Actual damages in an amount to be determined at trial;
- Consequential damages in an amount to be determined at trial;
- Punitive damages in an amount to be determined at trial;

- Injunctive relief, including but not limited to, barring Defendant from similar discriminatory conduct in the future;
- Reinstatement into a similar employment position and all adverse information being removed from Plaintiff's personnel file;
- Pre- and post-judgement interest;
- Attorneys' fees and costs; and
- Any other relief the Court may deem just and proper.

## Jury Demand

69. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 12, 2020.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Counsel for Plaintiff Oralia Mejia*



NEVADA EQUAL RIGHTS
COMMISSION

STEVE SISOLAK
Governor

ELISA CAFFERATA
Director

KARA M. JENKINS
Administrator

**Nevada Department of Employment,
Training and Rehabilitation**

August 27, 2020

Michael Kind, Esq.
Kind Law
8860 S. Maryland Parkway, Suite 106
Las Vegas, NV 89123  **via email and US mail**

Dear Mr. Kind:

RE:   Oralia Mejia   vs   NP Boulder LLC dba Boulder Station Hotel & Casino
        NERC No. 0723-20-0219L        EEOC No. 34B-2020-00453C

Dear Mr. Kind:

The Nevada Equal Rights Commission (NERC) is closing the case your client has filed as your client has requested a Right-to-Sue letter from NERC and the Equal Employment Opportunity Commission (EEOC).

Right-to-Sue Notice:  This letter also constitutes your client's state Right-to-Sue Notice.

**NOTE: In light of the global pandemic and maintaining safe practices, NERC will deem this matter closed for tolling purposes once the Governor lifts the stay-at-home order.**

Please be advised that the NERC's closure does not preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part:  "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later.  When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

Oralia Mejia vs NP Boulder LLC dba Boulder Station Hotel & Casino
NERC No. 0723-20-0219L
EEOC No. 34B-2020-00453C
Page 2 of 2

If you and/or your client should have any questions, please do not hesitate to contact the Commission at (702) 486-7161.

Sincerely,

Darrell K. Harris
Supervisory Compliance Investigator

cc: Oralia Mejia